## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 06-44(1) (DWF/RLE) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Jamie Jamal Barker, | |
| Defendant. | |

LeeAnn K. Bell, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Sarah M. MacGillis, Esq., MacGillis Law P.A., counsel for Defendant.

_____

Defendant Jamie Jamal Barker has moved for a sentencing reduction pursuant to the revised and retroactive amendments to the United States Sentencing Guidelines applicable to crack cocaine cases pursuant to 18 U.S.C. § 3582(c). The Defendant has also urged the Court to consider the sentencing factors pursuant to 18 U.S.C. § 3553(a) in deciding the motion before the Court. The United States opposes Defendant's motion.

Based upon the presentations of the parties, including the submissions of the United States and the submissions of the Defendant, the Court having reviewed the contents of the file, including the sentencing proceeding in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.  Defendant Jamie Jamal Barker's motion for a reduction of his sentence pursuant to the revised and retroactive amendments to the United States Sentencing Guidelines is respectfully **DENIED**.

Dated:  April 30, 2009              s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    Judge of United States District Court

**MEMORANDUM**

On February 27, 2007, the Court sentenced the Defendant to a sentence of 168 months.  The Defendant's offense level and criminal history were determined to be 34 and VI, respectively.  The advisory Guidelines range was 262 to 327 months, based upon the Court's finding that the Defendant was a career offender.  The Court imposed a sentence of 168 months based upon the Government's § 5K1.1 motion.

Despite the good faith and creative arguments of defense counsel, the career offender finding of the Court determined Defendant's base offense level and criminal history category.  The amendments to the United States Sentencing Guidelines did not change Defendant's Guidelines range and currently those amendments do not provide a basis for a sentence reduction.  *See United States v. Thompson,* Case No. 03-cr-47 (JNE) (D. Minn. Order dated Oct. 27, 2008).  On November 18, 2008, the Eighth Circuit summarily affirmed the judgment of the District Court in *United States v. Thompson* in

accordance with Eighth Circuit Rule 47A(a), citing *United States v. Tingle*, 524 F.3d 839 (8th Cir. 2008).

Amendment 706 to U.S.S.G. § 2D1.1 changed the offense level under U.S.S.G. § 2D1.1(c) for cocaine base convictions. Although Defendant's offense level has been affected by this amendment, his sentencing range as a career offender has not been. The sentencing range remains the same, namely 262-327 months. The Eighth Circuit has held that when a defendant is sentenced as a career offender, his sentencing range is determined by U.S.S.G. § 4B1.1, not by U.S.S.G. § 2D1.1. *United States v. Thomas*, 524 F.3d 889 (8th Cir. 2008). Consequently, the Defendant has not met the eligibility requirements for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).

To the extent that the Defendant has moved the Court for an application of *United States v. Booker*, 543 U.S. 220 (2005), which of course determined that the Sentencing Guidelines were advisory when a sentence is first imposed, the Court has denied Defendant's request. *Booker* does not apply to 18 U.S.C. § 3582(c)(2) proceedings because they are not resentencing proceedings. *Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005); *United States v. Starks*, 551 F.3d 839 (8th Cir. 2009).

Finally, the Defendant has argued that his situation is factually and legally different from most cases cited by the United States because, unlike most defendants who receive sentences within the sentencing range, he received a downward departure pursuant to U.S.S.G. § 5K1.1 which was below the established advisory Guidelines range

of 262 to 327 months.  However, it is the Court's decision as to Defendant's career offender status that is determinative.  That decision is not affected by the departure that the Court made, not unlike the district court's decision in *United States v. Thompson*, *supra*; *United States v. Primers*, 277 Fed. Appx. 639, 2000 WL 1959043 (8th Cir. 2008) (unpublished opinion).  Defendant received a reduced sentence from this Court of 168 months.  Utilizing the applicable Guidelines factors as set forth in 18 U.S.C. § 3553(a), the Court continues to find a sentence of 168 months to be fair and reasonable.  The Court, therefore, respectfully declines to reduce the 168-month sentence previously imposed.

For the reasons stated, the Court denies Defendant's motion for a reduction of his sentence.

D.W.F.